## BRINSON v. KIRKLAND.

1. Except in extreme cases where the period is very short or very long, the court can not determine as a matter of law whether the reasonable time within which the grantee of a timber privilege should exercise the same has or has not expired.
2. Where one produces the oldest recorded deed conveying timber privileges, the burden is on the opposite party to show that such interest has terminated. To this end he must produce evidence as to the situation of the property and the parties, and submit proof to the jury from which they can determine what was a reasonable time for cutting and removing the timber.
3. Whether the timber interest was or was not terminable under the particular language of the deed, the proof being silent as to what was a reasonable time within which to cut the timber, the court properly directed a verdict for the defendant holding the oldest recorded conveyance.

Argued January 30, — Decided March 25, 1905.

Action for trespass.     Before Judge Parker.     Coffee superior court.     July 16, 1904.

This was a proceeding by Brinson, as surviving partner of Brinson & Son, to enjoin Mack Kirkland from committing trespass, and for the recovery of damages for timber cut by him on lot 121 in the 7th district of Coffee county.     Both parties claimed under Timothy Fussell as a common grantor, the defendant having the oldest recorded paper title.     It appears that on October 16, 1879, in consideration of $160, Fussell sold to " M. Kirkland, his heirs and assigns," all the timber on lot 121, in the 7th district of Coffee county, to have and to hold " the said bargained timber . . to the said M. Kirkland, his heirs   .   . and assigns, in fee simple." This deed was recorded August 2, 1901.     The plaintiff claimed under a chain of title beginning December 20, 1889, by which Fussell, the common grantor, sold the land to Giddens, he in 1891 to Jeff Kirkland, he in the same year to Smith; and Smith on April 21, 1900, conveyed the turpentine timber to the plaintiff's firm.     All of these deeds were recorded after the defendant's deed was recorded.     There was evidence that the defendant had at various times worked ·or cut portions of the timber on the land, but there was no evidence relating to when he should have begun to cut or to what was a reasonable time within which the timber could or should have been cut.     The court directed a verdict for the defendant, the record stating that the reason therefor was that the conveyance of the timber to the defendant was not terminable. The plaintiff excepted.

*Levi O'Steen* and *J. O. Sirmans*, for plaintiff.
*Simon W. Hitch* and *C. A. Ward*, for defendant.

LAMAR, J. (After stating the facts.)  The defendant held under the deed which conveyed to him the timber in fee simple.  It said nothing whatever about timber suitable for sawmill purposes, or for turpentine purposes.  In this respect it differs from the instruments which are construed in *McRae* v. *Stillwell*, 111 *Ga.* 65; *Goette* v. *Lane*, 111 *Ga.* 403; *Allison* v. *Wall*, 121 *Ga.* 822. Whether, in view of *Baxter* v. *Mattox*, 106 *Ga.* 354, this is a material difference we purposely refrain from discussing.  The decision might be of far-reaching consequence.  The point should only be decided after full argument.  The present case can be determined on another point which is relied on by the defendant in error, and in view of which also the direction of the verdict must be sustained.  Even in those cases where the grantee of the timber privilege must exercise the same within a reasonable time, the instrument must be construed most strongly against the grantor and those thereafter claiming under him.  Civil Code, § 3675, par. 4.  When the defendant produced the oldest deed conveying the timber rights, the burden was cast upon the opposite party to show that a reasonable time had expired within which the timber should have been cut and removed.  The time might be so short as to warrant the court in saying that, as a matter of law, a reasonable time had not expired.  Again, the time might be so long as would warrant the court in saying, as a matter of law, that a reasonable time had expired.  But except in extreme cases it would be necessary to make the proof as to the circumstances surrounding the property and the parties at the time of the execution of the instrument, and to make the showing indicated in *Goette* v. *Lane*, 111 *Ga.* 403, and *Allison* v. *Wall*, 121 *Ga.* 822, so as to give the jury the proper data from which to make the calculation and then determine whether a reasonable time had or had not expired.  This might be influenced by many considerations.  What might be a reasonable time to remove one class of timber might not be so as to another.  It might therefore be important to show whether the trees were pine, oak, or cypress.  The question might be affected by a consideration of the size of the tract of land, the purposes for which the purchase was made, and also the purpose with which the timber

was sold.    It might be that the timber was bought for the purpose of keeping it from being cut; or it might be near a railroad so as to be easily transported; or it might be so remote and inaccessible as to show that the parties understood that the purchaser was buying on the chance that timber then out of the market would thereafter come into demand and be salable.    It might be bought in the light of a custom so general as to form, by implication, a part of the contract.    And if so, proof of that custom could be offered to affect the construction of the conveyance.    Again, it might be that the sale was made in order to have the ground cleared preparatory to being used for agricultural purposes.    Or it might be that the land would be practically valueless, and that there was no need for diligence in removing the timber.    The construction therefore might be aided by a consideration of the character of the land — whether mountainous and swampy and comparatively useless after the trees were cut, or suitable and in demand for agricultural purposes.    The rule must be general, and applicable alike to conveyances of timber in the mountains of north Georgia, the pine forests of south Georgia, and the mixed timbers of middle Georgia.    The difficulty is not so much in deciding how long it would take to cut the trees on a given number of acres as to determine when the cutting ought to begin, and, after beginning, how it should be prosecuted.    All the cases rule that the question of reasonable time must be determined in each case by the jury from the particular facts and circumstances surrounding the property and parties when the conveyance was made.    A witness will not be allowed to give his opinion as to what is a reasonable time, nor can the court ordinarily determine that fact as a matter of law.

The defendant here held the oldest recorded deed to the trees. There was nothing to show what was the situation of the property or the parties at the time it was executed, nor anything to indicate to the jury what was expected to be done, what could have been done or what ought to have been done by the grantee.    Neither the jury nor the trial judge nor the appellate court can determine, as matter of law, what was a reasonable time.    All doubts must be resolved in favor of the holder of the oldest recorded deed; and the judgment directing a verdict in favor of the defendant was proper.        *Judgment affirmed.    All the Justices concur.*