## SHIPPEN BROTHERS LUMBER COMPANY *v.* GATES.

1. An instrument executed as a deed purported to convey to a named grantee, his heirs and assigns, certain kinds of trees of specified diameters "and upwards" on a designated lot of land, for a named consideration, a part of which was acknowledged to be paid, the balance to be paid on removal of the timber. It also conveyed to the grantee, and his assigns, a right of way to build a tram railroad over the land, so as not to interfere with tillable lands. The grantor reserved to himself, and his heirs and assigns, the use of certain timber for fuel and fencing. The instrument also warranted the title to the grantee, his heirs and assigns, "forever in fee simple." It contained a further clause whereby the grantor agreed to deliver to the grantee, his heirs and assigns, logs from the land of certain dimensions, either at the mill of the grantee, or upon the cars of a designated railroad, or any other railroad that might thereafter be built, at a specified price per hundred feet, and that "the first party is to deliver said logs at such times and in such quantities as the second party may direct." *Held:*

(*a*) That the true intent and meaning of this instrument was to convey to the grantee, his heirs and assigns, all the trees on the land, of the several kinds specified, which at the date of the instrument were of the diameters mentioned; but that it was incumbent upon the grantee, or his successors in title, to cut and remove such trees from the land within a reasonable time from the date of the instrument, and that upon failure to do so his interest would cease and determine.

(*b*) What would be a reasonable time for so doing was a question of fact, to be decided in the light of all the facts and circumstances of the transaction.

(*c*) If there were special extrinsic facts or circumstances tending to limit the period within which the trees should be removed in order to take them within a reasonable time, the burden of proving them would be upon the party asserting a termination of the estate.

(*d*) There being no extrinsic evidence offered for the purpose of showing that the parties contemplated any particular time within which the timber should be removed, the recitals in the deed were not of such character as to authorize the court to hold, as a matter of law, that fifteen years would exceed a reasonable time for such purpose.

(*e*) The acceptance of the deed by the grantee did not render the superadded agreement that the grantor should have the right to deliver logs at a specified price the exclusive mode by which the timber might be obtained by the grantee, or prevent him from removing it, or in any other manner impose a condition that he should only move it upon refusal of the grantee to make delivery.

(*f*) Incidental to the right to move the timber, the instrument authorized the grantee to construct such roads and destroy such timber as would be reasonably necessary to afford ingress and egress from the land for the purpose of removing the timber specified in the deed.

(*g*) The action being in trespass, the deed to which the foregoing notes refer, having been executed by one of the plaintiff's predecessors in title and duly recorded, and other deeds duly executed and recorded, con-

necting the defendant with the title of the grantee mentioned in the first deed, were admissible in evidence as tending to support defendant's right.to the timber.

2. Where a deed conveying trees on certain land describes them as conveyed, but excepts such of them as were included in a certain contract previously made by the grantor with a different person, the contract referred to is admissible as a part of the description in the deed containing the exception.

3. Under the pleadings and evidence it was erroneous for the judge during the trial, in the presence of the jury, to express his opinion to the effect that the plaintiff was entitled to recover damages for taking the timber and constructing roads and removing the small timber.

4. A ground of the motion for new trial was in the following words: "Because during the trial of said case plaintiff offered in evidence a paper purporting to be a deed from B. F. and J. H. Gates to plaintiff to the north half of lot of land number 146 in the 10th district and 2nd section in Gilmer county, to the admission of which the defendant objected upon the ground that its execution had not been shown, which objection was overruled by the court and said paper was admitted as evidence, without its execution being proven as a color of title. Movant insists that said ruling was error upon said ground of objection." *Held,* that this ground was not complete in itself, and' did not raise a distinct question for determination by this court.

5. Where the evidence offered in support of a plea in abatement was insufficient to authorize a verdict sustaining it, it will not require a reversal that the judge refused to submit the issue, but dismissed the plea.

MARCH 4, 1911.

Action for damages. Before Judge Morris. Gilmer superior court. October 21, 1909.

*J. Z. Foster* and *A. H. Burtz,* for plaintiff in error.

*J. E. Mozley* and *A. N. Edwards,* contra.

ATKINSON, J. On September 24, 1907, P. A. Gates instituted an action against Shippen Brothers Lumber Company for the value of trees cut from certain land alleged to be the property of the plaintiff, and for damages to the land arising from cutting roads and destroying young timber. The amount of timber alleged to have been cut was ninety thousand feet of the value of $2.50 per thousand, and the damage for cutting roads and destroying young timber was laid at $200. The wrongful acts complained of were alleged to have been committed on or about September 28, 1905. On the trial the jury returned a verdict in favor of the plaintiff for the sum of $200. The defendant made a motion for new trial, which was overruled, and error was assigned.

1. One ground of the motion for new trial complained of the

judgment of the court in ruling out, after they were introduced in evidence, a certain deed executed by P. A. Gates, the father of plaintiff, which is quoted below, and also certain other documents constituting a chain of conveyances connecting the defendant with that deed.  P. A. Gates Sr. died in 1899, after having executed the deed above mentioned in 1890.  Plaintiff claimed under deeds from heirs at law of P. A. Gates Sr., which were executed in 1901.  If the right to the timber was conveyed by P. A. Gates Sr., and such right had not terminated, neither P. A. Gates Sr., while living, nor his heirs, as such, after his death, could recover against the grantee or his assigns who were asserting a right to the timber based on the conveyance.  The ground upon which the documents were ruled out of evidence is not stated, but the correctness of the ruling must depend upon the effect and construction to be placed upon the deed executed by P. A. Gates Sr.  The plaintiff made no effort to reform or cancel the deed for any cause, but proceeded as if the deed, under a proper construction, would be ineffective.  The other deeds referred to in this ground of the motion for new trial were regular, and merely purported to transfer the rights granted by the deed last mentioned.  It was properly executed and duly recorded, and, omitting its caption and attestation clause, was as follows:

"For and in consideration of the sum of Fifteen Dollars, P. A. Gates, party of the first part, grants, bargains, sells, and conveys, and by these presents do grant, bargain, sell, and convey unto Henry Holley, party of the second part, his heirs and assigns, all the hickory trees eight inches in diameter and upwards; all the poplar trees fourteen inches in diameter and upwards; all the linn trees fourteen inches in diameter and upwards; all the ash trees fourteen inches in diameter and upwards; all the walnut trees; all the pine trees fourteen inches in diameter and upwards; all the white oak, red oak, and chestnut oak trees fourteen inches in diameter and upwards; and all the kinds and qualities and character of trees that do not come up with the specifications and requirements of timber as described in a contract made heretofore by me with J. W. Duckett and not included in and conveyed by said contract to said J. W. Duckett, on the following lot of land, to wit:  Lot No. 146 in the tenth district and second division of said county, containing 160 acres, more or less.  And I hereby sell and convey to the said Henry Holley, and his assigns, the right of

way to build a tram-railroad over said lots, so as not to interfere with tillable land. And for and in consideration of one dollar, which is a part of the above-named consideration, the receipt of which is hereby acknowledged, said first party agrees for the remainder of the above-named consideration to be paid when the second party removed the above-named trees from said land. The said first party reserving to himself, his heirs and assigns, the use and benefit of timber for fuel and fencing, so as not to interfere with the kind of trees of the diameters above named. To have and to hold the same to him, the said second party, his heirs and assigns, forever in fee simple; and the said first party will warrant and defend the title against all persons whatever. The said first party hereby agrees to deliver to the said Henry Holley or his assigns, at the lumber mill at or near the town of Ellijay, logs from the above-named lands not less than ten nor more than sixteen feet long, measured according to Scribner's log measure. Or to deliver said logs upon the cars of the Marietta & North Georgia railroad, or any other railroad that may hereafter be built, at forty cents per hundred feet, or to deliver said logs on the tram-track of second party. The first party is to deliver said logs at such times and in such quantities as the second party may direct. The hickory logs may be short as three feet."

The descriptive clause in this deed refers to an existing contract with J. W. Duckett. This contract was also introduced in evidence, thus supplying the descriptive matter which was contained in the Holley deed only by reference. The Duckett contract was also ruled out, and another ground of the motion for new trial complains of that ruling; concerning which more will be said in the second division of this opinion. In the deed to Holley, P. A. Gates Sr. conveyed all trees of certain sizes and character, excluding the trees covered by the Duckett contract, to which reference has been made. It also conveyed the right to build a tram-railroad. The consideration named for the conveyance was $15, of which $1 was acknowledged to have been paid in cash, the balance "to be paid when the second party removed the above-named trees from said land." This contemplated by its terms that Holley might remove the trees included in the conveyance from the land. The conveying part of the deed closes with a habendum and tenendum clause as follows: "To have and to hold the same to him the

second party, his heirs and assigns, forever in fee simple; and the said party of the first part will warrant and defend the title against all persons whatever." This was as absolute a conveyance of the trees covered by it, with the exceptions mentioned, as it was possible to make by a general description, subject only to the matter of removal in a reasonable time, which will be mentioned presently. In addition to this conveyance, Gates agreed to deliver to Holley, or his assigns, at the lumber mill, or upon cars, or any other railroad that might thereafter be built, or upon the tram-track of the grantee, logs of a certain measure at forty cents per hundred feet, according to Scribner's log measure, the delivery to be made "at such times and in such quantities as the second party may direct." This was an unconditional agreement upon the part of Gates to deliver logs at the stipulated price to Holley, or his assigns, upon direction to that effect; but Holley did not agree, in accepting the deed, that this was the exclusive mode in which the timber might be obtained by him, or that he should be prevented from removing the timber in any other manner, or that he should only have the right to do so upon the failure of Gates to make delivery. The deed did not in express terms mention the right to construct roads and destroy timber for the purpose of ingress and egress in removing the timber; but in so far as these things were necessary in order to enable the grantee to cut and remove the trees, the right to them passed under the deed as an incident to the right to the trees. *Muscogee Mfg. Co.* v. *Eagle & Phenix Mills,* 126 *Ga.* 210 (8). The consideration of one dollar, acknowledged to be in hand paid, and the remaining fourteen dollars, to be paid when the second party should remove the trees from the land, might be disproportionate to the value of the timber, and that circumstance might be significant in a direct attack upon the deed; but where there is no such attack, mere inadequacy of consideration would not require a construction which would destroy the effect of express language reflecting the intention of the grantor to convey a right to the timber. One dollar actually paid is sufficient consideration to support a contract. But although the deed amounted to a conveyance of the trees for a valuable consideration, it might be contended that the estate so conveyed was not absolute, but determinable upon the failure to remove the timber within a reasonable time, and that what period would

amount to a reasonable time would be a question for determination by the jury in the light of all the facts and attending circumstances. It will be observed that the conveyance was of trees generally of specified kinds and of stated diameters, but that no identical trees were marked and conveyed by such designations, as was done in the deed involved in the case of *North Georgia Company* v. *Bebee,* 128 *Ga.* 563 (57 S. E. 873). While the deed in some of its characteristics is somewhat similar to that involved in the case cited, it is more like the instrument involved in the case of *McRae* v. *Stillwell, Millen & Co.,* 111 *Ga.* 65 (36 S. E. 604, 55 L. R. A. 513), which was construed to convey all the timber suitable, at the date of the instrument, for the purposes indicated; but it was ruled that it was incumbent upon the grantees, or their successors in title, to cut and remove the timber from the land in a reasonable time from the date of the conveyance, and upon failure to do so their interest in the timber ceased and determined, and what would be a reasonable time for so doing was a question of fact to be decided in the light of all the facts and circumstances surrounding the transaction. In the deed under consideration in that case no time was specified in which the timber should be removed. On that point the language of the deed involved in the present case was equally if not more unrestricted. It does not appear from any of its recitals, or from any extrinsic evidence relative to the facts and circumstances of the transaction, that it was intended that the timber should be removed presently or within a restricted time, so as to render applicable the rule applied in the case of *Lufburrow* v. *Everett,* 113 *Ga.* 1054 (39 S. E. 436). But, on the contrary, the recitals in the deed purport to authorize the removal of the timber "when the second party removed the same," and that there might be a delivery of the timber by loading the "logs upon the cars of the Marietta and North Georgia Railroad, or any other railroad that may hereafter be built," and that delivery will be made "at such times and in such quantities as the second party may direct," thus showing an intention not to require the removal of the timber as early as it could be removed in the ordinary course of business. The lapse of fifteen years might or might not be a reasonable time within which to remove it. In this instance this court could not say, as matter of law, that the lapse of that length of time would be sufficient to terminate the estate conveyed by the deed. If

there were extraneous facts and circumstances sufficient to show that fifteen years would have exceeded a reasonable time in which the grantee or his assigns should have removed the timber, the burden would be upon the plaintiff, who sought to avoid the effect of the deed, to show such facts. See *Brinson* v. *Kirkland,* 122 *Ga.* 486 (50 S. E. 369), where a deed similar to that from Gates to Holley was under consideration, and where a longer time than fifteen years had intervened before the timber was removed. As the jury might have found that an estate was conveyed by P. A. Gates Sr. which had not been terminated by failure to use the timber within a reasonable time, the deed and chain of conveyances connecting the defendant with it were material evidence in behalf of the defendant, and it was error to exclude them.

2. In another ground of the motion for new trial complaint was made of a ruling of the judge in excluding from evidence, after it had been admitted, a certain contract between P. A. Gates Sr. and J. W. Duckett, to which reference has been made in the preceding division of this opinion. It was signed by P. A. Gates Sr., and also by Duckett, and, omitting the caption and attestation clause, was as follows:

"This agreement and contract entered into between P. A. Gates, party of the first part, and J. W. Duckett, of Gilmer county, party of the second part, witnesseth that for and in consideration of the sum of one dollar the said first party hereby agrees to deliver to the said J. W. Duckett and his assigns at the lumber mill at or near the town of Ellijay, in Gilmer county, the place to be designated by the second party, timber on the following lands. Feet of chestnut, hickory, poplar, linn, ash, walnut, and oak, the timber to be in logs twenty inches and upwards in diameter, not less than twelve nor more than sixteen feet long, except logs of thirty inches or more in diameter at the small end, which may be delivered as short as six, eight, or ten feet, all scaled and measured according to Scribner's book for measuring lumber in the log, the timber to be straight and sound and clear of wind shakes and knots, and to be delivered at ——— cents per one hundred feet, or to deliver said timber upon the cars of the Marietta and North Georgia Railroad, or any other railroad that may be built hereafter, the cars to be furnished by the second party and, at the points selected by the second party at ——— cents per each one hundred feet, or

at the option of the first party to deliver the timber on the tram-track of the second party, and as provided by the second party, at 30 cents an hundred ft. Each of said amounts will be due when the timber is accepted upon the lumber yards above described. The first party is to deliver said timber at such times and in such quantities and qualities as the second party may direct. The hickory timber may be as short as three feet and as small as eight inches in diameter. In case the first party fails to deliver the timber as by this contract, then the second party is hereby allowed to enter upon by himself and workmen the following lots of land, to wit: No. 146 in the 10th district and 2d section of said county, containing 150 acres more or less of timber, and cut and remove the kinds and qualities of timber described above, and the first party agrees to take 5 cents per each one hundred feet of timber cut from said land at log measure. The second party agrees faithfully to carry out his part of the contract by paying the amount for each hundred feet of timber taken as above stated. This 28th day of March, 1890."

From the objections urged to the admissibility of this contract, and the announcement by the court at the time it was ruled out of evidence, it seems that the ruling was based solely on the ground of inadequacy of the description of the subject-matter. This paper was admissible in connection with the deed to Holley, referred to in the first division of this opinion. That deed purported to convey, among other things, "all the trees on the land that do not come up to the specifications and requirements of timber as described in" the above-mentioned contract with Duckett It was, therefore, made a part of the Holley deed by reference, and its contents would be material in determining what timber, if any, had been contracted by its terms to be sold to Duckett. It would be immaterial whether the subject-matter was or was not sufficiently described. If the description was sufficient, and the contract valid and binding as to any particular trees or class of trees, it was admissible with the Holley deed in order that it might appear what trees or class of trees were excepted from that conveyance; and if it was void for want of description, it was also admissible with the Holley deed, because in that event it would show that nothing was excepted from the Holley deed, but that it conveyed all the trees on the land of the kinds and dimensions

specified. Accordingly, it was erroneous to exclude the contract from evidence.

3. Another ground of the motion complained because after evidence for both sides had closed and as the argument was begun, in response to a question from counsel for defendant as to what the court would charge the jury upon the question of damages, the judge announced in the presence of the jury: "I will charge the jury to find for the plaintiff for the damage to the land from the roads and the damage to the young timber, and for the value of the timber." The criticism upon the announcement so made by the court was that the court in the presence of the jury expressed an opinion that the land and young timber had been damaged, and that such expression was error for the reason that it was for the jury to say whether the land and young timber had been damaged. This assignment of error also involves the construction of the deed from P. A. Gates Sr. to Holley. We have seen that, under a proper construction of that deed, whether a reasonable time had expired for Holley or his grantees to remove the timber from the land was a question for the jury. If it had not expired, it would, of course, be improper for the court to express an opinion in the presence of the jury, or to instruct them that the plaintiff might recover for the damage to the timber. And if the time had not expired for removing the timber, it would also be error to express such an opinion, or so instruct the jury relative to the plaintiff's right to recover damages for constructing roads and removing small trees. The evidence upon the part of the defendant tended to show that there were no roads constructed, or any small timber removed, except such as were necessary in order to take from the land the trees coming within the sizes and descriptions referred to in the deed to Holley. If no damage was done in that respect other than was necessary to remove the timber covered by the deed, and the defendant had the right to remove the timber at the time it did so, there could be no recovery based on such acts; because, as stated in the first division of this opinion, the right to construct roads and remove other timber necessary in making ingress and egress for the purpose of removing the large timber passed as an incident under the deed.

4, 5. The fourth and fifth headnotes do not require elaboration.

*Judgment reversed. All the Justices concur.*