## KNOX & LEWIS v. ALWOOD et al.

### (District Court, S. D. Georgia. December 31, 1915.)

1. COURTS ⬳264—JURISDICTION OF FEDERAL COURT—ANCILLARY SUIT.

A federal court, which is administering the estate of an insolvent corporation, including timber lands, has jurisdiction of a bill by its receivers for an injunction to prevent waste by the cutting of timber, regardless of the citizenship of the parties; such suit being ancillary.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 801; Dec. Dig. ⬳264.]

2. JUDGMENT ⬳564—CONCLUSIVENESS—INTERLOCUTORY DECREE.

A decree granting a preliminary injunction in a suit subsequently dismissed is not a final adjudication, which renders the questions determined res judicata.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1015-1017; Dec. Dig. ⬳564.]

3. COURTS ⬳367—FEDERAL COURTS—AUTHORITY OF STATE DECISIONS.

The construction of a particular will or deed is a general question, upon which a federal court is not bound to follow a decision of the Supreme Court of the state, as establishing a rule of property.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 958, 959; Dec. Dig. ⬳367.]

4. WILLS ⬳693—CONSTRUCTION—DEVISE OF LIFE ESTATE IN TIMBER LAND—RIGHT TO SELL AND DISPOSE OF TIMBER.

A testator devised to his son a life estate in timber land, with "full power and authority to sell and dispose of the timber," and to have full use and enjoyment of said lands, without impeachment of waste. *Held*, that the son had power, in selling the timber, to give the purchaser a definite time within which to remove the same, provided the time so fixed was reasonable, and did not destroy or seriously impair the rights of the remaindermen in the land itself, and that whether the time so fixed was

---

reasonable is a question of fact, to be determined in view of all the facts and circumstances existing at the time of the conveyance.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1655–1661; Dec. Dig. ⊜⟶693.]

In Equity. Suit by Knox & Lewis, receivers of the Hilton & Dodge Lumber Company, against William Alwood and others. On plea to jurisdiction and of res judicata. Overruled.

This is a bill brought by the receivers of the Hilton & Dodge Lumber Company to enjoin respondents from cutting timber on certain lands. Both of the parties in this case derived their title to the timber in dispute from a common grantor. It appears that B. L. Lane once owned the land upon which said timber is located, together with the timber, and that by item 3 of his will, which was probated on April 1, 1895, he devised said land to his son, George W. C. Lane, "for and during his natural life, with remainder to his living children at the time of his death." The twelfth item of his will is as follows: "It is my will that my children whom I have hereinbefore given life estates in the lands of this will given, shall have the full power and authority to sell and dispose of the timber on all said lands, and shall have the full use and enjoyment of said lands, without impeachment of waste. Said Emma S. Lane, as trustee for Lucinda V. Lane, shall have the same power and authority in the disposition of the timber on the lands given herein to said Lucinda V. Lane, applying all money arising from such disposition of said timber to the support and maintenance of the said Lucinda V. Lane." On February 6, 1902, George W. C. Lane sold and conveyed, by deed with warranty of title, to the Hilton & Dodge Lumber Company, "all the cypress timber and trees of every sort and description" on the land which had been devised to him by the third item of said will. The deed contained the following covenant: "It is agreed that the time limit of this conveyance as above set forth shall be 20 years from the date of this conveyance, but the first parties agree that the said time limit may be extended from year to year thereafter, not exceeding 10 years' extension, upon the payment by the second party, its successors, or assigns, of interest on the original purchase price at the rate of 6 per cent. per annum."

The defendants, William Alwood et al., derived title by mesne conveyances from the remaindermen under the will of B. L. Lane, and entered upon the lands in question and began to cut the timber therefrom. Thereupon the Hilton & Dodge Lumber Company filed a petition in the superior court of Jenkins county on July 22, 1913, against said William Alwood et al., praying for an injunction. The state court heard the petition upon the application for temporary injunction and granted an order temporarily enjoining both parties, and this order was carried to the Supreme Court of Georgia and reversed, as may be seen by reference to the opinion of the court set out in 141 Ga. 653, 81 S. E. 1119.

Thereafter a bill was filed against the Hilton & Dodge Lumber Company in the District Court of the United States for the Southern District of Georgia, and receivers were appointed for said corporation, and this court thereupon took charge of the assets of said company and is administering same. Said receivers dismissed the action in the state court, and have brought this bill in this court, praying for an injunction against the defendants as to the timber in question. The respondents have filed a plea to the jurisdiction of this court on the ground that there is no diversity of citizenship or federal question involved; and they also file a plea of res judicata, claiming that all questions here involved have been concluded by the litigation in the state court.

Garrard & Gazan and Travis & Travis, all of Savannah, Ga., for complainants.

Osborne & Lawrence and E. H. Abrahams, all of Savannah, Ga., for respondents.

LAMBDIN, District Judge (after stating the facts as above). [1] 1. Inasmuch as this court is administering the estate of the Hilton &

Dodge Lumber Company, through its receivers, and the bill before the court is only an ancillary bill filed for the purpose of protecting a portion of the estate of that company, I am of the opinion that this court has jurisdiction to entertain the bill, although it would not have had jurisdiction for want of diversity of citizenship of an original bill brought for the same purpose. White v. Ewing, 159 U. S. 36, 15 Sup. Ct. 1018, 40 L. Ed. 67; Hollander v. Heaslip, 222 Fed. 808, 137 C. C. A. 1 (C. C. A. 5th Circuit); Wabash R. R. Co. v. Adelbert College, 208 U. S. 38, 28 Sup. Ct. 182, 52 L. Ed. 379.

[2] 2. The Hilton & Dodge Lumber Company, which was the plaintiff in the state court, brought its bill praying for an injunction against Alwood et al., against their cutting the timber in question, relying upon the timber deed which they held from George W. C. Lane. The defendants filed their answer, in which they averred that the rights of the plaintiff under the timber deed terminated on the death of the life tenant. The superior court of Jenkins county, in which the petition was filed, upon the hearing of the application for temporary injunction in said case, passed an order enjoining both parties from removing the timber in question and also sustaining a general demurrer to the petition. The plaintiff carried the case to the Supreme Court of Georgia, and that court reversed the action of the court below, and held that plaintiff's title to the timber did not terminate upon the death of the life tenant, but that plaintiff had a reasonable time in which to remove the timber, and that, inasmuch as the evidence adduced at the hearing disclosed that such time had not expired at that time, the superior court erred in enjoining the plaintiff, and that the case should proceed to a final hearing upon the right of the plaintiff to an injunction. Thereafter receivers were appointed for the Hilton & Dodge Lumber Company by this court, and these receivers dismissed the petition in the state court and brought their bill in this court for injunction against the cutting of the timber in question, claiming that the timber deed which they held was in all respects valid and that they had 20 years from the time of its execution in which to remove the timber, as provided in said deed.

Respondents filed their plea of res judicata, claiming that complainants were concluded by the former litigation in the state court. The court does not agree with this contention. The judgment in the superior court of Jenkins county was not a final judgment, and never became a final adjudication, upon the merits of the question between the parties. When the case was dismissed in the state court the prior proceedings therein went for naught. The Supreme Court of Georgia, in discussing the question here involved, lays down the rule in such matters in the case of National Bank of Augusta v. Printup Brothers & Co. et al., 63 Ga. 570, and at the bottom of page 576, in the following language:

"The truth is that the purpose of an interlocutory injunction is wholly provisional; it is preliminary and preparatory; it looks to a future and final hearing, more deliberate, solemn, and complete than any which has been had, and while contemplating what the result of that hearing may be, it by no means forestalls it, or settles what it shall be. * * * In one word, there is, with respect to the merits of the main case, nothing final either in granting

or keeping on foot an interlocutory injunction; and the rigid, stationary condition which any proper conception of res adjudicata involves arises out of judgments only which are final in their nature. High on Inj. §§ 3, 4, 5; [Town of Ottawa et al. v. Walker] 21 Ill. 605 [71 Am. Dec. 121]; Freeman on Judg., § 251; [Baugh v. Baugh] 4 Bibb [Ky.] 556; 22 Eng. Ch. R. (2 Phillips) 597."

See, also, the well-considered case of Snare & Triest Company v. Friedman (C. C. A. 3d Circuit) 169 Fed. 1, 94 C. C. A. 369, 40 L. R. A. (N. S.) 367.

[3] 3. Respondents also urge that the opinion of the Supreme Court of Georgia referred to above in the case of Hilton & Dodge Lumber Company v. Alwood et al., 141 Ga. 653 to 658, 81 S. E. 1119, is binding on this court and settles the law for this case. The court recognizes the well-settled principle that questions concerning real property are local questions and "rules of property," and that the courts of the United States will therefore follow the established line of decisions of the state courts on the subject. The court thinks, however, that it was not necessary for the Supreme Court of Georgia, in deciding that case, to determine the precise point here involved, to wit, whether the execution by the life tenant of a timber deed or lease to the timber in question for a period of 20 years was a valid exercise of the power given to him under the will of his father or not, and that therefore the opinion of the State Supreme Court on that point is only obiter dictum, and consequently not binding, either on that court or on this court. Furthermore, the construction by the state court of a single exceptional will and timber deed like the one involved in this case is usually regarded as a general question, as to which federal courts may exercise their own independent judgment, and are not concluded by the decisions of the state court. Foxcroft v. Mallett, 4 How. 353, 11 L. Ed. 1008 (last headnote); Lane et al. v. Vick et al., 3 How. 464, 11 L. Ed. 681 (last headnote); Kuhn v. Fairmont Coal Co., 215 U. S. 349, 30 Sup. Ct. 140, 54 L. Ed. 228. However, as stated further on in this opinion, this court is in substantial accord with the Supreme Court of Georgia on the principles involved in the case.

[4] 4. By his will B. L. Lane gave the land and timber in question to his son George W. C. Lane for life, with remainder to the children of said son living at the time of his death. The testator further gave to his son "full power and authority to sell and dispose of the timber on said lands," and to have full use and enjoyment of said lands without impeachment of waste. The authority of the son, who was the life tenant, over the land and timber, was limited to the power to "sell and dispose of" the timber on the land. He had no power to sell the land itself. There was a clear intention on the part of the testator, therefore, to separate the land from the timber, and to give the son the right to sell and dispose of the timber, leaving the land for the remaindermen. The court is of the opinion, therefore, that the testator did not intend that the son should have the power to make a perpetual conveyance of the timber on these lands, so as to give his grantee a perpetual estate in the trees and a permanent interest in the soil good for all time, as was done in the case of North Georgia Company v. Bebee, reported in 128 Ga. 563, 57 S. E. 873. It is the opinion of the

court that the testator intended only that his son should have the right to sell and dispose of the timber, and that this timber should not be allowed to remain permanently on the land but should be removed therefrom. Such was the general scheme of the will; and, furthermore, this view is borne out by the fact that the Hilton & Dodge Lumber Company was a sawmill corporation, engaged at the time in removing timber from land and manufacturing it into lumber. The case of North Georgia Company v. Bebee is an exceptional case, growing out of the peculiar provisions of the conveyance involved in that case. The ordinary rule is that, where timber is conveyed, it is done for the purpose of removal, and not for the purpose of giving to the grantee in the conveyance a permanent interest in the land.

The power here given to the son, which he could not go beyond, was to "sell and dispose of the timber." The son, therefore, had the right either to sell the timber or to dispose of it in some other way. Under the power to "sell" by itself, the son would have had no right to have fixed any definite time for the removal of the timber; but under decisions of the Supreme Court of Georgia in the cases of McRae v. Stillwell, 111 Ga. 65, 36 S. E. 604, 55 L. R. A. 513, and Shippen Lumber Company v. Gates, 136 Ga. 37, 70 S. E. 672, and other cases not necessary to cite, the grantee would have had a reasonable time to cut and remove the timber under a sale of same. The son, however, was given the power also to "dispose of" the timber. One method of disposing of timber which is common and usual to sawmill men in this state is to execute a deed to the timber and to grant therein a definite period of time in which to remove the same, and such an instrument is construed by the courts of Georgia to be merely a license to cut and remove the timber during the time fixed in the contract. Johnson v. Truitt, 122 Ga. 327, and top of page 329, 50 S. E. 135.

Under the power to sell only, the court does not think that the son had the right to grant any definite time in which the timber should be removed, but that same would be governed by the principle of law laid down by our Supreme Court as above stated, and the grantee would have a reasonable time to remove the timber; but under the power given the son to "dispose of" the timber the court is of the opinion that the son had the power to sell the timber and allow a definite time in which same was to be removed, and therefore the court holds that the deed in question was authorized by this provision of the will with the limitation expressed below. The testator, however, according to the scheme of his will, intended that the remaindermen should enjoy the land after the timber was removed therefrom. The life tenant, therefore, in exercising his power in disposing of the timber, had no right to destroy or seriously impair the rights of the remaindermen in the land itself. Regard should be had, therefore, both to the rights of the life tenant in the timber and the rights of the remaindermen in the land. The life tenant had no power to unreasonably interfere with the rights of the remaindermen. Such being the case, the court is of the opinion that the son did not have the power to give to the grantee in the timber deed in question an unreasonably long time within which to remove the timber from the land. The

question, therefore, in this case, is whether the grant of a 20-year period in the deed in question was an unreasonable exercise of the power given to the life tenant by the will of his father. The court is of the opinion that this is a question of fact, and not of law. Brinson v. Kirkland, 122 Ga. 486, 50 S. E. 369; McRae v. Stillwell, 111 Ga. 65, 36 S. E. 604, 55 L. R. A. 513.

5. In deciding the question as to whether the time of 20 years for removing the timber as named in the deed was a reasonable time or not, all the facts and circumstances of the case and the conditions surrounding the parties at the time of the execution of the deed should be considered, rather than the conditions which have subsequently arisen. Brinson v. Kirkland, 122 Ga. 488, 50 S. E. 369; McRae v. Stillwell, 111 Ga. 65, 36 S. E. 604, 55 L. R. A. 513; Minshew v. A. C. L., 98 S. C. 8, 81 S. E. 1027; Goette v. Lane, 111 Ga. 400, 36 S. E. 758. Of course, under the authorities, the provision in the deed in question allowing 20 years is prima facie valid, and the burden is upon the defendants in this case to show that the time stipulated in the deed is unreasonable in view of all the circumstances existing at the time of the execution of same.

6. The case before me is a bill in equity, and therefore ordinarily it is the duty of the court to decide the question here presented, which is one of fact and not of law. However, as the question involves the consideration of a great many facts and circumstances about which reasonable men may disagree, and which are peculiarly cognizable and determinable by business men and other men of affairs, the court is of the opinion that it would be proper to submit this question to a jury for its advice; the action of the jury being, of course, merely advisory, and not binding upon the court. There is some doubt as to whether, in determining the question of fact as to the reasonableness of time above mentioned, the court and jury should consider the full period of 20 years named in the deed, or the period that elapsed between the execution of the deed in 1902 and the time of the filing of this bill in 1915, or the time that elapsed between the execution of the deed in 1902 and the time of the filing of the action in the state court on July 22, 1913. This question is reserved for future determination.