SMITH *et al.* v. ALEXANDER & BLAND.

No. 6828. April 11, 1929.

*J. A. Hixon,* for plaintiffs in error.

*R. S. Wimberly, W. P. Wallis,* and *Hollis Fort,* contra.

Beck, P. J.   Alexander & Bland, alleging themselves to be a partnership composed of J. F. Alexander and D. G. Bland, filed an equitable petition against Logan & Andrews, alleging defendants to be a firm composed of J. R. Logan and Reese M. Andrews, and against Reese M. Smith.   The petition was so amended that at the time of the trial of the case it was a suit proceeding in the name of D. G. Bland, surviving partner, against Reese M. Andrews and Reese M. Smith.   Petitioners alleged that they were the owners of all the saw timber six inches and up in diameter on a lot of land duly described, containing 25 acres; that they acquired this timber from R. T. Shirling on February 3, 1920, by a conveyance duly recorded; that Shirling had previously acquired the same from G. M., W. H. C., and M. N. Dudley and Mrs. L. G. Henderson by a conveyance dated January 1, 1920, which had been duly recorded, and which conveyed the timber rights and privileges on said land for five years.   Further, it is alleged that subsequently to the purchase of the timber by Shirling he purchased the land from the owners thereof.   It is also alleged that in the year 1922, more than two years after the execution and record of the timber conveyance referred to, a tax execution against Shirling was issued and levied on the land in question, and the land was sold by the sheriff of the county at sheriff's sale, the purchaser at the time being Mrs. Janie Fuller, who, after holding the land for more than a year, conveyed the same to certain named parties, who in turn conveyed to Reese M. Andrews; that the defendants, Reese Smith and Reese Andrews, had cut and manufactured into lumber a large portion of the timber on the land, and that they are still cutting timber.   The prayers of the petition were for injunction and for damages.

Defendants filed their answer denying the title alleged in petitioners and denying the alleged value of the timber which they had cut.   The jury, after being charged by the court, returned a ver-

dict in favor of the plaintiffs for $250 damages. The defendants' motion for a new trial was overruled, and they excepted.

■ ■ There are numerous grounds in the motion for a new trial, but several of them raise substantially the same question; that is, the controlling question made by the assignments of error. One of the grounds referred to excepts to the following charge of the court: "I charge you further, that if you find from the facts of this case that Alexander and Bland owned this timber under the title that has been introduced, and that they made a return of this property, and subsequently R. T. Shirling made a return of the land, that he was the owner of the land, that he was the owner of it and in possession of it, either himself or by an agent, and made a return of this land, and an execution was issued against R. T. Shirling and levied upon that land and it was sold, that conveyance made under that sale would not convey out of Alexander and Bland the title that they held to the timber. Land upon which there is growing timber, merchantable timber, the timber may be sold without selling the land; and if it is sold, it becomes an independent separate estate, so far as the owner who still holds title to the land and not to the timber." This charge is substantially correct, and is in no respect erroneous as against the plaintiffs in error. The evidence showed that the petitioners had the title to the timber in controversy through a transfer and assignment of a conveyance of the timber described. This conveyance of the timber on the land in question conveyed title, although it limited the time in which the timber should be cut and removed from the land, that is, within a period of five years. In Powell on Actions for Land, 80, § 54, the author says: "That standing timber is realty and may be owned and possessed by one person, while the soil belongs to another, is well recognized in this State. Conveyances of standing timber are treated as deeds, are to be executed with the same formality, and may be recorded as such—in fact, have all the incidents of ordinary deeds to realty. The fact that the conveyance may provide that the timber shall be cut within a limited period, and that if it is not so cut it shall revert to the grantor or to the owner of the soil, does not prevent the timber from being corporeal real property belonging to the grantee." See *McLendon v. Finch*, 2 *Ga. App.* 421 (58 S. E. 690); *North Georgia Co. v. Bebee*, 128 *Ga.* 563 (57 S. E. 873); *McRae v. Stillwell*, 111 *Ga.*

65 (36 S. E. 604) ; *Shippen Lumber Co.* v. *Gates,* 136 *Ga.* 37 (70 S. E. 672).

The evidence in this case shows that petitioners had returned the property for taxation prior to the issuance of the tax fi. fa. against Shirling. This tax fi. fa. was one in personam, and was a lien on the land owned by Shirling or any other property that he owned. But where he had sold the property before the issuance of the tax fi. fa. and before the lien for taxes had attached, and had duly executed a conveyance to the purchaser, the fi. fa. was not a lien upon the land, and a sale of the land under the fi. fa. did not convey the property which the defendant in fi. fa. had sold and conveyed prior to the accrual of the taxes. It no more attached to the timber which had been conveyed than it would have attached to a lot of land carved out of the land which Shirling owned and which he had conveyed by deed to a third party.

The rulings in the other headnotes need not be elaborated.

*Judgment affirmed. All the Justices concur.*