### FREDERICK PFISTNER v. JAMES BIRD AND THOMAS BIRD.

*Trespass for cutting timber—Passage of title.*

Under a contract transferring all the pine trees the vendee "may choose to take," the latter agreeing to pay a certain sum "for the said pine, so cut," etc., title did not pass until the pine was cut, and until then the vendee had neither actual nor constructive possession, and could not bring trespass for damages against a grantee of the vendor who had cut timber on the land.

Error to Kent. Submitted Jan. 21. Decided Feb. 11.

TRESPASS. Defendant brings error.

*Champlin & More* for plaintiff in error. Title cannot pass until there is some specific identification of the property bargained for, *Golder v. Ogden* 15 Penn. St. 528; *Hutchinson v. Hunter* 7 id. 140; *Waldo v. Belcher* 11 Ired. 609; *Merrill v. Hunnewell* 13 Pick. 213; *Scudder v. Worster* 11 Cush. 573; *Wilkinson v. Holiday* 33 Mich. 386; *Hahn v. Fredericks* 30 Mich. 223; *First Nat. Bank v. Crowley* 24 Mich. 492; *Lingham v. Eggleston* 27 Mich.

324; *Kingsley v. Holbrook* 45 N. H. 313; *Drake v. Wells* 11 Allen 141; Benj. Sales § 352; it passes at once where the property is in a specified place or is of a specified kind, and when it is part of a greater quantity of the same kind so that it can be identified, *Whitcomb v. Whitney* 24 Mich. 486; *Adams Mining Co. v. Senter* 26 Mich. 73; *Johnson v. Moore* 28 Mich. 3; *Colwell v. Keystone Iron Co.* 36 Mich. 51.

*L. E. Carroll* and *Taylor & Eddy* for defendant in error.

MARSTON, C. J. On September 7, 1868, William Bradley, claiming to be the owner of certain lands in this State, sold to defendants Bird by written contract "all of the pine trees they * * * may choose to take off from the following described lands * * * within three years from the date of this agreement; * * * And the said parties [Birds] do hereby agree to pay the said party of the first part [Bradley] the sum of one dollar per thousand feet for said pine so cut, hauled and scaled. * * * the measures of said logs are to be taken at the proper measure so delivered by the man or person who is appointed to scale said logs."

In 1870 Bradley conveyed to one Fisher, through whom Pfistner derives his title, the lands upon which the pine in question was standing, reserving the pine timber covered by the Bird contract.

Pfistner cut and carried away the pine in the winter of 1871-2, and the Birds bring this action of trespass to recover damages on occasion thereof. On the trial it was claimed that Bradley had extended the time within which the Birds might cut and take the pine under their contract. Under the contract between Bradley and the Birds no title to any of the pine timber passed to the latter until the same was cut by them. They did not purchase all the pine, nor all of a particular quality, but such only as "they may choose to take off," and they were to pay a certain price per thousand feet for the pine so cut. Until cut they had no title to any of

the pine.    The destruction of it by fire or otherwise while standing would not have fallen upon them, as until cut by them there was no possible way of identifying any of the timber as theirs, or of ascertaining what portion thereof they would afterwards choose to take under their contract.    Until the timber was cut, therefore, they were neither in the actual or constructive possession of any part or lot·thereof, and could not maintain an action in the present form against this defendant.    The authorities cited by counsel for the defendant, plaintiff in error, fully sustain this view.

The other errors we need, not consider.    The judgment must be reversed with costs of both courts.

The other Justices concurred.