BAXTER & CO. *et al. v.* MATTOX, and *vice versa.*

1. Where the judge of the superior court has granted a temporary injunction, after a hearing upon the merits of the issues made by the pleadings in a case, this court will not reverse his judgment solely on the ground of a technical defect in plaintiff's petition, when it does not appear from the record that such defect was insisted on in the court below as a reason why the injunction should not be granted. LUMPKIN, P. J., *dubitante.*

2. Where a grantor conveys by deed "all of the timber, wood, logs, and growing trees, suitable for sawmill purposes and being manufactured into lumber, now upon or that may hereafter grow upon all or any of the following lots or parcels of land," (describing the same by giving the number of each and district where located), which words in the conveyance are followed by a clause that "this lease [is] to expire ten years from the time said [grantee] begins cutting said timber" from the lots of land mentioned, the effect of the instrument is not to convey to the grantee a perpetual right to use timber on the land as long as any may be growing thereon, but to limit the right of such use to a period of ten years, to be computed from the time the grantee begins cutting the timber.

3. The period of limitation in such a conveyance should be computed as to the entire lands embraced in the deed from the time the grantee enters upon any one of the lots; there being nothing in the conveyance to indicate an intention by the parties that the instrument should be treated as a separate lease to each lot, and to limit the time of occupancy of any particular lot to a period of ten years from the date the grantee begins cutting the timber on such lot.

4. The evidence showing a clear title in the plaintiff to the premises in dispute as to which the injunction was granted, and further showing that the defendants intended to cut timber from the land for sawmill or crosstie purposes after the expiration of the lease under which they held, with-

out any right or legal interest in the property, the court did not err in granting the temporary injunction.

5. There was no error in that portion of the judgment of the court below, complained of in the cross-bill of exceptions, which refused to enjoin the defendants from cutting and using timber suitable for sawmill purposes on certain of the lands mentioned in the plaintiff's petition; it appearing from the testimony on the hearing that the defendants had acquired all rights to such timber which the original owner of the land had conveyed by deed that specified a sale to the grantee, his heirs and assigns, of all the timber, growing trees, etc., suitable for sawmill purposes, "now upon or that may hereafter grow upon all or any of the said lots of land;" the said deed containing no limitation whatever as to the time of enjoyment of the privileges therein conveyed; and it not appearing that a reasonable time for their exercise had expired.

Argued November 23, — Decided December 23, 1898.

Injunction. Before Judge Sweat. Clinch superior court. August 13, 1898.

Petition by W. H. Mattox to restrain Baxter & Co. and Barrow from cutting and removing timber from certain lots of land, alleging that the right of the defendants to cut and remove the timber had expired by the terms of limitation in the leases under which they held. Baxter & Co. answered, admitting that they were about to cut and remove the timber, but contending that they were entitled to do so under certain conveyances and a contract hereafter referred to. Barrow was their agent. The plaintiff claimed title under a conveyance made under a power of sale contained in a mortgage upon the land, which mortgage was executed by H. A. and H. P. Mattox to the Peacock & Hunt Naval Stores Company, February 22, 1895, and recorded March 13, 1895; the mortgagee conveying the property to one Baldwin by a deed dated September 12, 1895, and recorded September 16, 1895, and Baldwin conveying to the plaintiff by a deed dated July 22, 1896, and recorded August 1, 1896. At the hearing these conveyances and the mortgage were introduced by the plaintiff; also evidence showing that on certain of the lots in question, among which were lots 375, 418, and 447, timber was cut for sawmill purposes in 1888, and before July 15 of that year, by Albertson, Paxton & Co., and under the direction of H. P. Mattox, who was a member of that firm. With this evidence the plaintiff closed.

The defendants introduced in evidence three deeds from H. A. and H. P. Mattox to Reppard, one of which, dated September 27, 1881, conveyed, without limitation, the timber etc. upon certain of the lots in dispute, described by number, district and county, the deed providing that the vendors "do grant, bargain, sell, convey, and confirm unto the said Reppard all of the timber, wood, logs, and growing trees, suitable for sawmill purposes and being manufactured into lumber, now upon or that may hereafter grow upon all or any of the said lots of land," with "the right, power, and privilege unto the said party of the second part, his heirs or assigns, now and at any and all times hereafter to quietly and peaceably enter into the possession of and upon any and all of said lands, with his servants, agents, and stock, for the purpose of cutting, manufacturing, hauling and taking away the said timbers, wood, logs, and trees; the right to a continuous, quiet, and peaceable possession of all of said lands unto the said party of the second part, his heirs and assigns, to be only during such time or times as they may be engaged in cutting, manufacturing, hauling and taking away the said timbers, wood, logs, and trees." Another of these deeds, dated September 27, 1881, and recorded October 12, 1881, conveyed property of the same character on certain others of the lots in dispute, with the following clause: "This lease to expire ten years from the time said Reppard begins cutting said timber." The third deed was dated January 23, 1883, and recorded March 23, 1883, and conveyed property of the same character on certain others of the lots in dispute, with the following clause: "And it is hereby covenanted, understood, and agreed by and between the parties to this indenture, that the party of the second part, his heirs and assigns, are limited to the period of ten years time in which to cut and remove the timber, logs, and trees, suitable for sawmill purposes or being manufactured into lumber, upon the lots of land aforesaid, from the time they commence to cut and remove the same therefrom."

It was admitted that the interest of Reppard was regularly conveyed to Talmadge subject to the limitations mentioned in these deeds. The plaintiff introduced in evidence a deed from Talmadge to Miles Albertson and David B. Paxton, dated No-

vember 29, 1887, and recorded February 9, 1889, with the same limitations; also a deed from Miles Albertson, of the firm of Albertson, Paxton & Co., to D. B. Paxton and H. P. Mattox, who formed the firm of Paxton & Mattox, dated January 15, 1889, and recorded February 15, 1889, conveying all the right, title, and interest of Albertson to the property in dispute, "with like limitations as set forth in the deed from Mattox and others to Reppard." Also, a creditors' petition against D. B. Paxton and H. P. Mattox, filed October 17, 1893, and a verdict and decree rendered thereon at April term, 1895, finding that the property of the defendants in the hands of the receivers appointed by the court in that case be sold; also, a deed from the receivers, conveying the property in dispute to Craig & Co., which deed was authorized by the judge of the superior court to be made, after confirmation of the sale, and was recorded October 17, 1895. Also, an agreement between Craig & Co. and Baxter & Co., dated December, 1897, whereby the parties of the first part granted and leased to Baxter & Co. the exclusive right to cut timber on a tract of land including the lots in dispute, providing that the parties of the second part are to cut, before January 1, 1903, all the timber thereon of a specified kind, not exceeding ninety million feet.

The court passed an order, directing that the restraining order before granted as to lots 375, 418 and 447 (which lots were included in the first mentioned of the deeds from H. A. and H. P. Mattox to Reppard) be revoked, and an injunction refused as to them, upon the defendants·making bond with security for $1,000, payable to the plaintiff; and that as to the remainder of the lots in dispute (except certain lots as to which all claim was relinquished) the defendants be enjoined as prayed, until further order; and that the plaintiff give bond for $3,000, conditioned to answer in any damages the defendants might sustain by reason of the granting of this order. To the grant of the injunction the defendants excepted. The plaintiff, by cross-bill of exceptions, assigned as error 'the refusal of an injunction as to lots 375, 418, and 447, alleging that the evidence showed that the privilege claimed by the defendants of cutting sawmill timber upon these lots had already been exercised by their grantors.

*Toomer & Reynolds, L. A. Wilson* and *Spencer R. Atkinson,* for Baxter & Co.

*Hitch & Myers* and *R. G. Dickerson,* contra.

LEWIS, J.    1. It is insisted by counsel for plaintiffs in error that the plaintiff below, in his application for injunction, did not proceed according to the provisions of § 4927 of the Civil Code; and that, no insolvency of the defendants and no irreparable damages being shown, the injunction should have been denied.    It was manifestly the intention on the part of the petitioner to bring his case within the provisions of the section above cited, which declares: "In all applications to enjoin the cutting of timber for sawmill purposes, etc., it shall not be necessary to aver or prove insolvency, or that the damages will be irreparable."    It is true there is not attached to the petition an abstract of title as required by that section.    The petition, however, alleges that both plaintiff and defendants claim under a common grantor, the defendants under a lease which had expired, and that therefore it was unnecessary to attach an abstract of title.    The answer denied the title of the plaintiff and alleged a perfect title in the defendants.    It seems upon the issue thus made the case was heard before the judge.    It nowhere appears in the record that any objection was made to the plaintiff's petition for want of sufficiency, or that the respondents ever urged that the injunction should not be granted on account of this defect in the petition.    It is true the court could not have passed upon a formal demurrer to the petition in vacation, but the grounds of such demurrer could have been urged in the answer as a reason why the application should have been refused.    But had the question been presented to the court, and the contention of plaintiffs in error been sustained, as it doubtless would have been, the defect complained of could readily have been cured by amendment.    It is fair, from the record before us, to treat this technical defect as having been waived by the plaintiffs in error on the hearing below.    It should at least have appeared that such a question was presented to the trial judge, before we would be authorized to reverse his judgment simply on account of an amendable defect in the plaintiff's pleadings; especially in view of the fact that the

plaintiff presented and introduced in evidence a complete chain of title to the land, and no point was made on the trial below that he failed to attach an abstract of the papers before the judge to his petition.

2. It appears from the record that all the lands involved in this litigation originally belonged to H. A. and H. P. Mattox. On September 27, 1881, they conveyed to one Reppard all the timber, logs, and growing trees, suitable for sawmill purposes and being manufactured into lumber upon certain lots of land, describing the same by number, district and county. In this deed there was no limitation as to the time in which the grantee, or his heirs and assigns, should have a right to use the timber designated. On the same day a conveyance was made by H. A. and H. P. Mattox to Reppard to timber on certain other lots of land, and directly following the granting clause was this sentence: "This lease to expire ten years from the time said Reppard begins cutting said timber." On January 23, 1883, there was a like conveyance between the same parties to timber on other lots of land, described in like manner, and following the granting clause was the statement: "And it is hereby covenanted, understood, and agreed by and between the parties to this indenture, that the party of the second part, his heirs and assigns, are limited to the period of ten years time in which to cut and remove the timber, logs, and trees, suitable for sawmill purposes or being manufactured into lumber, upon the lots of land aforesaid, from the time they commence to cut and remove the same therefrom." The injunction was refused as to the property described in the deed first mentioned above, but was granted as to that described in the last two deeds; and to this granting of the injunction the defendants except. It is insisted by counsel for plaintiffs in error, that the clauses imposing limitations upon the right of the defendants, to cut timber, in the last two deeds referred to, are repugnant to the operative words of the grant, and that therefore the former words should prevail, and the limitation clause should be treated as of no effect at all. § 3607 of the Civil Code provides: "If two clauses in a deed be utterly inconsistent, the former must prevail, but the intention of the parties, from the whole instru-

ment, should, if possible, be ascertained and carried into effect.'"
Applying this cardinal rule of intention of the parties as indi-
cated by the terms used in these instruments, we do not think
there is any difficulty in arriving at their proper construction.
The limitation clause was manifestly intended as an addendum
or proviso to the granting clause that had just preceded it.
There is no utter and irreconcilable inconsistency between the
two clauses. Construing the first clause alone, and in the light
of what follows, it was not a conveyance of a fee-simple title to
land, but a mere grant of a license to use timber growing there-
on for certain purposes. Even if there had been no limitation
fixed as to how long this right should be exercised, from the
nature of the grant it was obliged to terminate at some time,
though indefinite, for it certainly would have ended when all
the timber had been cut. Now the clause that follows limits
and qualifies the granting clause, and expressly and definitely
fixes the time which would otherwise have been indefinite as to
when the lease was to expire. In the case of *Huie* v. *McDaniel,*
105 *Ga.*, it appeared that the granting clause of a deed from a
father to his daughter, construed and considered alone, and
not in connection with the clauses that followed, conveyed an
absolute fee-simple estate to the daughter. In the habendum
clause of that deed, following the granting clause, were included
the names of the daughter's two children, as grantees. It was
there decided that the whole instrument should be construed
together, so as to give effect, if possible, to the entire deed, and
ascertain from all its terms the real intention of the parties;
that the granting clause was modified by the words in the ha-
bendum clause, and that an estate in common was conveyed
to the daughter and the other two persons named. The author-
ities cited in the opinion rendered in that case apply, if pos-
sible, with much more force to the present case; for in this
case there is much less reason to invoke the doctrine of repug-
nancy. Construing the entire instrument as a whole, there
can be no question that the real intention of the parties was to
limit this lease to a period of ten years from the time the lessee
commenced to exercise his rights thereunder by cutting the
timber; and this period having expired before the filing of this

petition, the plaintiffs in error clearly had no intesest. in the property by virtue of their lease under which they claimed title. .

3. It was further insisted by counsel for plaintiffs in error,. that, the lands being described severally, the license was several. as to each lot, and the exercise of the license upon one lot could not be construed as extending to another upon which the licensee had not in fact entered. The case of *Barber* v. *Shaffer*, 76 *Ga.* 285, was cited by counsel for plaintiffs in error, where it was held that when a deed did not convey or purport to convey one tract of land, but several distinct and separate lots of forty acres. each, without any intimation of the sale of all as one tract, pos-- session of one of the lots named did not by construction extend over the others, under the deed as color of title. We do not think the case in point. In the first place the question there. was one of prescription, a matter regulated by the statute, and not in any wise dependent upon the contract or intention of the parties. The case at bar is one of intention to be gathered from the terms of a written contract, and does not at all relate to a . prescriptive title. In *Johnson* v. *Simerly*, 90 *Ga.* 612, it was ruled, even upon the subject of a prescriptive title, that where a deed conveyed five contiguous lots, describing them by their numbers and naming the aggregate quantity of land conveyed, the whole, although called in the deed "five tracts or lots of land containing 202 1/2 acres each," may be considered as one entire tract, the boundaries of which are the original lines on the margins of the tract as established by the State when the lots were laid off in the original survey. On page 615, Simmons, Justice (now Chief Justice), in delivering the opinion of the court, distinguishes that case from the one cited in 76 *Ga.* above, and says: "That decision does not mean, however, that where the land described is in fact one tract, it must in so many words be called one tract. In that case the lots were not adjacent, but some of them were separated from the others by intervening lots." It is not pretended in this case that these lots of land embraced in each deed do not lie in one body. The only apparent difference between these deeds and the one mentioned in 90 *Ga.* is, that the latter designated the aggregate number of acres. But it will be seen that the decision of the

court was based upon the idea that, in point of fact, the land lay in one body.    In principle it can make no difference whether the aggregate number of acres is given in the deed, or whether it mentions only the number of acres of each lot, the aggregate then being a matter of simple addition.    In the absence of any words or intimation in the deed to the contrary, we think it was clearly the intention of these parties to treat the lands mentioned in each deed as one body, and the right to enter thereon and cut timber on any part of the same terminated as to all of it when the cutting commenced on the land conveyed, whether it commenced on every parcel thereof at the same time or not.

4. On February 22, 1895, as appears from the official report, H. A. and H. P. Mattox, who were then the owners of the land in question, subject to the lease of the timber they had previously made thereon, conveyed the land, under a power of sale contained in a mortgage thereon, to the Peacock & Hunt Naval Stores Company.    This mortgage was recorded March 13, 1895.    By virtue of the power of conveyance the property passed from the mortgagee to one Baldwin by a deed dated September 12, 1895, and Baldwin conveyed the property to the plaintiff by a deed dated July 22, 1896.    This constituted the chain of the plaintiff's title.    The defendants claimed ultimately from the same source, by virtue of the lease from H. A. and H. P. Mattox to Reppard, and by successive conveyances from his grantees down to the defendants.    As before seen, that lease had expired upon the filing of the petition, and therefore, so far as the rights conveyed by the lease were concerned, the defendants had no title and were mere trespassers.    It is insisted, however, by counsel for plaintiffs in error, that under successive conveyances from grantees under this lease the property finally passed to D. B. Paxton and H. P. Mattox. H. P. Mattox was one of the original owners, and it is urged that inasmuch as there was a receiver's sale under a creditor's petition filed October 17, 1893, against D. B. Paxton and H. P. Mattox, all the interest of H. P. Mattox as a tenant in common to the land itself passed by virtue of that sale, and the defendants, holding under purchasers at that sale, acquired such interest of H. P. Mattox, and an absolute injunction was

wrong, since they occupied the position, as to a certain interest in the land, of tenants in common. It is true this creditors' petition was filed before the mortgage above mentioned, given by H. A. and H. P. Mattox; but it does not appear from the record when the receiver was appointed, or when he took charge of these lands, or whether he simply took charge of the timber under the lease or the land itself, including the interest of H. P. Mattox therein. The record, however, does disclose that a verdict and decree in the case, finding in favor of a permanent injunction and receiver, was not rendered until the April term, 1895, of Clinch superior court, which was after the mortgage by H. A. and H. P. Mattox was given and recorded. The conveyance under receiver's sale was not made until September 13, 1895, after the conveyance by the mortgagee from H. A. and H. P. Mattox under the power of sale. When this receiver's sale was had in 1895, the lease of the timber on these lands had not expired, and it was then owned by the defendants, Paxton and Mattox. The presumption, therefore, is that it was only their interest in the timber which the receiver seized and which was sold under the order of court. But whether this was done or not, no greater interest could be conveyed, as H. P. Mattox had previously parted with all the remaining interest he ever had in the land. Our conclusion, therefore, is that the evidence clearly showed a perfect title in the defendant in error, and that the plaintiffs in error were mere trespassers upon the land as to which the injunction was granted.

5. As to the rights acquired by the grantee and his successors in title under the first deed from H. A. and H. P. Mattox, mentioned in the official report, the case is, however, quite different. This deed is without any limitation whatever as to the time for exercising the license and privileges thereby conveyed. Indeed it stipulates in express terms that it conveys all " of the timber, wood, logs, and growing trees, suitable for sawmill purposes and being manufactured into lumber, now upon or that may hereafter grow upon all or any of the said lots of land;" and also conveys to the grantee, his heirs and assigns, the right and privilege, "now and at any and all times hereafter," to enter upon the lands for the purpose of cutting such timber. If it

be possible to convey such a license in perpetuity, it would be difficult to conceive how such an intention could be more clearly expressed than it is in this deed. The judge refused the injunction as to the timber on this land, and this is assigned as error by the plaintiff in his cross-bill of exceptions, "for the reason that the evidence shows that the privilege claimed by the defendants of cutting sawmill timber upon said lands has been already exercised by their grantors." If it is meant by this reason given for the assignment of error that the defendants' predecessors in title had exhausted from the land all the timber they were entitled to under the deed, the record utterly fails to sustain such a contention. There is nothing in the testimony to authorize a conclusion that the defendants intended to enter upon the land for any other purpose save to cut and use just such timber thereon as is described in the above-mentioned deed. We hardly think the doctrine that licensees should be allowed only a reasonable time in which to enjoy their privileges would apply to the purchaser and his assigns in this case; for the deed conveys, not only timber of a certain description then growing on the land, but all that may hereafter grow thereon, without any limitation whatever as to time. The grantee and his assigns in this deed are not mere licensees. The deed evidences a *sale* to them of property, and it conveys to them *an interest in real estate.* It indicates an intention of the grantor to allow the exercise of the powers and privileges specified, so long as timber suitable for sawmill purposes continued to exist or grow upon the land. It is perhaps true as a general principle, that where a right is conveyed to enter upon land, and cut or use trees or timber thereon of certain size or quality, if no time is specified in the conveyance within which the trees are to be cut and removed, it must be done within a reasonable time, and this is usually a question of fact depending upon the circumstances of each particular case; but the deed before us seems to convey an absolute title to certain timber upon the land, with the right to enjoy the same "now and at any and all times hereafter." From 1 Washburn on Real Property, 16, we quote the following: "But if the owner of land grants the trees growing thereon to another and his

heirs, with liberty to cut and carry them away at his pleasure, forever, the grantee acquires an estate in fee in the trees, with an interest in the soil sufficient for their growth, while the fee in the soil itself remains in the grantor." This text is supported by decisions in the following cases: Heflin v. Bingham, 56 Ala. 566; Clap v. Draper, 4 Mass. 266; Opinion of Cole, J., in Rich v. Zeilsdorff, 22 Wis. 548, and authorities therein cited. It follows from the above, that the general rule of law, that a license is strictly confined to the original parties and is not assignable, has no application here. Such a license has reference to purely a personal privilege, and is not coupled with an interest in the property. 13 Am. & Eng. Enc. L. 545, and the numerous authorities cited in the notes. But even if, under any peculiar circumstances, the doctrine of reasonable time could be applied to the rights of a grantee under such a conveyance as we are now considering, there is nothing in the record before us to indicate that such time had expired in this particular case; and we conclude that, in any view of the law that may be taken upon the subject, the court did not err in refusing to enjoin the defendants from entering upon the lands described in this deed for the purpose of cutting timber for sawmill purposes.

*Judgment on both bills of exceptions affirmed. All the Justices concurring, Lumpkin, P. J., dubitante as to the point first decided.*