## McLemore v. Knott Coal Corporation.

(Decided June 20, 1924.)

### Appeal from Knott Circuit Court.

1. Mines and Minerals—Title to Trees Necessary in Mining Held Not to Pass Under Conveyance.—A conveyance of minerals, together with such standing timber as may "at the time of the use thereof be . . . necessary or convenient," did not pass title to trees.

2. Logs and Logging—Title Passed to Marked Trees.—Title passed to trees under a conveyance identifying and designating particular marked trees.

3. Mines and Minerals—Purchaser of Minerals Held Entitled to Use Trees Subsequently Conveyed to Another.—Though conveyance of minerals with necessary timber did not specify any particular trees, and title did not pass to any particular trees, and subsequent conveyance of marked trees to another with ten years for removal did convey title, persons claiming under conveyance of minerals could, when they started mining, use trees then on land, including marked trees, if necessary, where subsequent purchasers of trees had knowledge of mineral grantee's rights.

T. E. MOORE, JR., and ROGERS T. MOORE for appellant.

H. H. SMITH and SMITH & COMBS for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

In 1906 the owners of the tract of land here involved sold and conveyed the minerals therein to appellee's remote vendor; and in 1912, they sold and conveyed to appellant's vendor certain trees which were at the time branded with a "K."

Under the former deed there were also conveyed to the grantee and to appellee customary mining rights in the surface, and "such of the standing timber thereupon as may at the time of the use thereof be . . . . necessary or convenient for the exercise and enjoyment of any or all property rights and privileges herein bargained, sold, granted, and conveyed."

It is stipulated herein that all of the timber on the tract, including the trees marked and sold to appellant, is necessary for mining the coal, etc., from the land, and that appellee had been so engaged for about six months before appellant sought by this action to prevent it from using any of the marked trees in its mining operations on the land.

As the above grant of timber rights to appellee did not identify nor designate any particular trees, and was to become effective only "at the time of the use thereof" for mining purposes, it is quite clear the title to the trees on the land did not pass thereby but remained in the owner of the surface, and to this extent counsel are agreed. Moss v. Meshew, 8 Bush 187; Ayer & Lord Tie Co. v. Davenport, 82 S. W. 177, 26 K. L. R. 115; Pfister v. Bird, 43 Mich. 14; Kennedy S. & C. Co. v. Schloss, etc., 137 Ala. 401; Dennis Simmons Lumber Co. v. Corey, 6 L. R. A. (N. S.) 469, and note.

It also is true, under the same authorities, that the title to the trees did pass to appellant's vendor by the

deed of 1912, which identified and designated the particular marked trees thereby conveyed.

But does it also follow, as counsel for appellant assert, that when appellee later began to mine the land under its deed from the common grantor, it could not exercise its timber rights upon all the trees then on the land, even though the legal title thereto then stood in appellant rather than in their common grantor? We think not. The fact that appellee did not acquire title to any particular trees does not mean that it did not acquire the right to use timber from the land needed for mining purposes, since such right was clearly conveyed as an appurtenance to the interest in the real estate thereby conveyed; that is, title to the minerals in the land. The right to timber acquired by appellee was therefore an easement appurtenant to an estate in the land, or possibly it would be more accurately described as a dependent profit a prendre. 9 R. C. L. 744, 19 C. J. 870.

In either event it was such a right in and to the land that neither the grantor thereof nor any one claiming the land or an interest therein under him could interfere with its exercise, unless it be a bona fide purchaser without notice. As appellee's deed was of record when appellant's vendor purchased the trees, neither he nor appellant occupies such a favorable position, and if appellant took title to the trees as part of the real estate, it necessarily follows he stands in the shoes of his grantor, and took same subject to appellee's prior and superior right to use them as an appurtenance to its estate in the land. Muir v. Cox, 110 Ky. 560, 62 S. W. 723; McIntire v. Marian Coal Co., 190 Ky. 342, 227 S. W. 298; 9 R. C. L. 805; 19 C. J. 939.

But this right to use very clearly attached only to such trees as were standing on and a part of the realty when the right was exercised, and there is a suggestion in the brief for appellant that the trees purchased by him were severed from the land, in contemplation of law, when they were conveyed and marked, and therefore the absolute title thereto passed to him as personalty and apart from the land. Many cases from this court so hold (Cheatham v. Head, 203 Ky. 489, 262 S. W. —,), but the facts here are not such as to admit of the application of that doctrine, which applies only where immediate severance is contemplated. Ten years is the

period fixed for the severance of the 812 trees sold here, and that fact alone is sufficient to show "immediate" severance was not contemplated, even under our very liberal construction of the word "immediate" when used in this connection. Besides, the contract provides for "such longer period or periods after the expiration of the ten years as the said party of the second part, his successors and assigns (appellant) may desire," upon named conditions.

We are therefore of the opinion that the lower court did not err in adjudging to appellee the right to use all the trees standing on the land, including those branded and sold to appellant but not removed, it having been agreed same were necessary for appellee's mining operations.

Judgment affirmed.