## Bolen v. Standard-Elkhorn Coal Company.

(Decided May 26, 1925.)

### Appeal from Floyd Circuit Court.

1   Mines and Minerals—Action to Enjoin Interference with Construction of Houses on Certain Land Held Within Jurisdiction of Circuit Court of County in which Land is Situated.—Action by owner of mineral rights, to enjoin owner of surface from interfering with erection of miners' houses, held within jurisdiction of circuit court of county in which land was situated.

2.   Mines and Minerals—No Defect of Parties Defendant in Action to Enjoin Interference with Construction of Buildings on Land, though Others were Interested with Defendant in Ownership of Surface.—In action by owner of mineral rights, to enjoin interference with construction of miners' houses, there was no defect of parties defendant, though others than defendant were interested with her in ownership of surface.

3.   Courts—Court of Appeals Not Bound by Orders Overruling or Sustaining Motion to Dissolve Temporary Injunction.—Court of

Appeals is not bound by orders overruling or sustaining a motion to dissolve a temporary injunction.

4.  Courts—Prior Judgment of Judge of Court of Appeals Denying Motion to Dissolve Temporary Injunction, Held Entitled to Great Weight on Appeal from Judgment Making Injunction Perpetual.— In action by owner of mining rights against owner of surface, to enjoin interference with construction of miners' houses, in which the determination of the question turned largely on construction of title papers, and the facts presented to Court of Appeals on appeal from judgment making temporary injunction perpetual were the same as those presented on motion to dissolve temporary injunction, which motion was overruled by a judge of the Court of Appeals, the whole court sitting with him, the court's judgment in determining such motion was entitled to great weight in determination of the appeal.

5   Mines and Minerals—Owner of Mining Rights Held Entitled to Construct Miners' Houses on Surface.—Owner of minerals in and under surface, who had the "right to erect thereon, maintain and remove therefrom all such structures as may be deemed necessary or convenient for" such owner, held entitled to construct miners' houses on such part of surface as was not used for agricultural purposes.

D. G. BOLEYN and B. P. WOOTTON for appellant.

A. J. MAY and GEORGE B. MARTIN for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE— Affirming.

Appellee, Standard-Elkhorn Coal Company, instituted this action alleging that it owns the coal and minerals and certain mining privileges in, on and under a tract of land containing 272 acres which lies in Floyd county, Kentucky; that under its title it had the right to erect certain miners' houses on the tract of land and was attempting to do so, but that defendant wrongfully, unlawfully and by force had interfered and prevented it from doing so. It sought to enjoin her from interfering with its erecting the buildings. Special and general demurrers and an answer were filed, the answer putting the allegations of the petition in issue.

A temporary injunction was issued by the chancellor after a hearing. A motion to dissolve the injunction was heard by Judge Thomas of this court and overruled by him on June 15, 1923, the whole court sitting with him. Thereafter, by agreement of the parties, the cause was submitted on its merits for final trial and judgment upon

the same testimony heard by the chancellor on the motion for a temporary injunction, and upon consideration it was adjudged that the temporary injunction be made perpetual. This appeal is prosecuted from that judg-ment.

It is insisted for appellant that her special demurrer should have been sustained because the court had no jur-isdiction of the subject matter and because there was a defect of parties. There is no merit in the contention that the court had no jurisdiction of the subject matter of the action. The tract of land lies in the county where the action was brought. The acts complained of were committed by appellant in that county. The controversy between appellant and appellee as to their respective rights under their respective titles in and to the tract of land could properly be tried originally only in the circuit court of that county. Equally unmeritorious is the contention that there is a defect of parties defendant. While it is true that others appear to own interests with appellant, Nancy Bolen, in such estate as she has in the surface of the tract of land described in the petition, yet the purpose of the action and the relief sought by it was only an injunction against appellant, Nancy Bolen, to prevent her and those acting through and under her from interfering with appellee in the enjoyment of its rights under its estate in the same tract of land. There-fore, there was no defect of parties defendant.

It appears that formerly George W. Koons owned the 272 acre tract of land described in the petition in fee simple title. By title bond executed April 16, 1904, he agreed to convey to one Hays the surface of that tract of land, reserving to himself the minerals and certain min-ing rights and privileges. Koons later died, and an action was instituted in the Floyd circuit court by the People's Bank of Wilkes Barre, Pa., as guardian for his children, for a sale of the minerals in and under the land. In the meanwhile W. W. Bolen had purchased from Hayes his rights under the title bond and he inter-vened in that action and procured a deed to himself by the court's commissioner for the surface of the land. The judgment in the case and the deed executed to Bolen fully declared his interests and rights in the property and the interests and rights reserved by Koons. Appel-lant, as the surviving widow of W. W. Bolen, is claim-ing under his deed, and the appellee has succeeded to and

is claiming under the Koons title to the minerals and mining privileges.

While this court is not bound by orders entered either overruling or sustaining a motion to dissolve a temporary injunction, yet under the facts of this case, since the determination of the question presented turns largely upon the construction of the title papers under which appellant holds the surface and appellee holds the minerals and mining privileges, and since the same facts are now presented to the court as were presented upon the motion to dissolve the temporary injunction, necessarily the court's judgment in determining the question then is entitled to great weight now.

It appears from the record herein that in building the proposed houses the appellee will use an acre and eight-tenths of land, and that none of it includes any of the improvements, such as residences, barns, gardens, orchards, wells, or any such structures as are of a permanent or substantial nature erected upon the land by the owners of the surface. The deed under which appellant claims conveyed the surface estate only in the tract of land, excepted from the conveyance all the minerals in and under it, and among other mining privileges reserved the following: "The right to erect thereon, maintain and remove therefrom all such structures as may be deemed necessary or convenient for said Koons, or his assigns, heirs or vendees, in the free and full exercise and enjoyment of the rights and privileges therein excepted." The right of the owner of the surface estate by the deed was expressly restricted to the right to use the surface of the land for agricultural purposes, "so far as the use of the same is not inconsistent with the rights and privileges reserved" for the benefit of the estate in the minerals and mining privileges.

As said in the order overruling the temporary injunction:

"The motion . . . was heard and considered by the whole court, and it was determined that the title papers of the respective parties gave to plaintiff the right to construct the houses for its miners at the place and as contemplated by it, and that defendant had no right to interfere therewith. The question was so decided in the recent case of McIntire v. Marian Coal Co., 190 Ky. 342, and there is nothing in conflict therewith in the case of

Blue Grass Coal Corporation v. Combs, 168 Ky. 437, since there are facts in the present case dif- ferentiating it from the Combs case, as a reading of that opinion will demonstrate, but which it is not necessary to point out on the hearing of this motion. If, however; it were not so the McIntire case is the latest utterance of this court, and the opinion therein distinguishes it from the Combs case.''

Our further consideration of the record in this case has left us with the same conclusion and we deem it unnecessary to further elaborate the question.

The injunction granted and this opinion's holding that appellee has manifested the right to erect houses on the tract of land described herein is confined to the particular 1.8 acres of land mentioned in the evidence. Nothing herein shall prejudice or be held to be determina- tive of the rights of either party as to any of the remain- der of the land.

Appellant insists that it should be held that appellee under its title to the minerals and mining privileges on, in and under the 272 acre tract of land has no author- ity to maintain miners' houses on the surface of that tract of land to be occupied by miners engaged in min- ing coal from other lands. That question is not here, however, since the evidence shows that while only a small per cent of the miners engaged in appellee's opera- tions are housed on the 272 acre tract the larger per cent of the coal being mined is from that tract.

The judgment is affirmed.