## Collins v. Lackey Mining Company.

(Decided February 18, 1927.)

### Appeal from Floyd Circuit Court.

1. Mines and Minerals.—Under mineral lease granting coal company right to use surface for erection of buildings deemed necessary or convenient, company is judge of necessity or convenience, unless it exercises power oppressively, arbitrarily, or maliciously against owners of surface.

2. Mines and Minerals.—Rights of mining company, under mineral lease granting right to erect buildings on surface, are limited to those granted in lease itself, and purchaser of surface from lessor has all rights retained by lessor.

3. Mines and Minerals.—Under mining lease granting coal company right to use surface to erect buildings deemed necessary or convenient, company cannot impose on land burden of providing house sites to accommodate miners mining coal in adjoining leases.

4. Mines and Minerals.—In action for damage and to recover possession of property occupied by mining company, under lease granting right to use surface for buildings, evidence that company erected buildings on lot purchased by plaintiff from company's lessor capriciously, and not in good faith entitled plaintiff to recover possession of his lot.

C. B. WHEELER for appellant.

COMBS & COMBS for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

The appellant, whom we shall refer to as the plaintiff, began this action against the appellee, whom we shall refer to as the mining company, to recover possession of a small piece of ground in the village of Lackey, and to recover damages for the forcible seizure and occupation of it by the mining company. He was unsuccessful, and has appealed. On September 21, 1918, there was filed

for record in the Floyd county court a lease by which Dr. T. J. Chandler and his wife leased to R. D. Clere and Sam Porter, the minerals underlying a tract of 48.3 acres. In this instrument, *inter alia,* he gave the lessees the following rights:

"And also the right to build, erect, alter, repair, maintain and operate upon said land, and, at its option, remove therefrom any and all houses, shops, buildings, tanks, derricks, inclines, tipples, dams, coke ovens, store and warerooms and machinery and mining and any and all equipments that may, by the purchaser, his heirs or assigns, be deemed necessary or convenient for the full and free exercise and enjoyment of any and all the properties, rights and privileges hereby conveyed."

By mesne conveyances these rights and this lease have passed to and are now owned by the mining company. On March 12, 1919, there was recorded in the Floyd county court a deed by which Dr. Chandler and his wife conveyed to C. C. Hays the lot in controversy. This deed to Hays was made after the lease had been made to the mining company, and it contains no exception of any kind, makes no mention of the lease, and contains a clause of general warranty of title. By mesne conveyances this property has been acquired by the plaintiff. The plaintiff had owned it for about a year and in the fall of 1922 was preparing to erect a business house upon it. The mining company has its commissary upon an adjoining lot, and there is in this record enough to indicate that one of its purposes in building these houses on the plaintiff's property was to prevent the erection there of a business house, wherein some competitor might be installed. Plaintiff left home on Sunday, September 17. The mining company at once began the erection of these houses, and pushed the work both night and day so that, when the plaintiff returned on the 20th, they were partially completed, and the doors were locked. He began this action on the 23rd, and secured a temporary restraining order against the mining company, which the mining company disregarded. On the 26th the plaintiff attempted to move into one of the houses, and the agents of the mining company came armed with pistols and drove him away. It has since been in possession. In Case v. Elkhorn Coal Corp., 210 Ky. 700, 276 S. W. 573,

we had before us the construction of an instrument similar to this lease, and we said: "Clearly, the defendant has the paramount right to the use of the surface in the prosecution of its business for any purpose of necessity or convenience, and of this it is to be the judge, and unless it exercised this power oppressively, arbitrarily, wantonly or maliciously, plaintiff cannot complain." Nothing said there was out of harmony with what we have said in Bolen v. Standard Elkhorn Coal Co., 210 Ky. 43, 275 S. W. 372; McIntire v. Marion Coal Co., 190 Ky. 342, 227 S. W. 298, Blue Grass Coal Co. v. Combs, 168 Ky. 437, 182 S. W. 207. Such is the general rule. See 40 C. J., p. 1011. The rights of the mining company under this lease are only those contained in the lease itself, for such rights as are not given it by the lease were retained by the lessor. The plaintiff has succeeded to the rights of the lessor as to this piece of property in question, and hence, has all the rights as to this particular piece of property that the lessor would have had if he had continued to own it, and the rights of the mining company under this lease are to be found within the lease itself, and even these rights are further limited as indicated in the excerpt copied above.

The proof shows that about two hundred yards north of the plaintiff's property there is on this tract quite a space surrounding the house of Dr. Chandler, that would be suitable for building purposes. It is claimed that the coal has never been removed from beneath that property, and that when that coal is removed, the property will cave and settle, but the proof also shows that the coal beneath this property cannot be removed because the top above it is of such poor quality and caves and falls to such an extent that the mining company has been compelled to abandon its efforts to remove that coal. Possible building locations other than these are pointed out. Of course, Dr. Chandler is going to object to the location of the miners' houses near him or on his property, but if he will read the case of Foxwell v. Justice, 191 Ky. 749, 231 S. W. 509, and will then consider the fact that the plaintiff is holding this lot under a deed of general warranty given by Dr. Chandler, he may withdraw some of his objections.

Not more than two-thirds of this 48.3 acres contained coal to begin with, and from the evidence and the maps before us it appears that more than 60% of this coal has

been removed. The pillars have been drawn from under quite a block of this property, and the evidence indicates that not over 80% of the coal beneath this property can ever be recovered, so that, as far as this property is concerned, the mining company has but little coal available. It claims that it is desirous of extending its operations and increasing its daily output, and that it is necessary for it to have additional miners' houses in order to accomplish this. If it contemplates such extensions then it must get its coal, in a large measure, from adjoining leases, and we have found nothing in the lease before us giving the mining company the right to impose upon this 48.3 acres the burden of providing house sites to be used for the accommodation of miners mining coal in adjoining leases. In the absence of such a provision in the lease, the mining company cannot impose on this property that burden. See Moore, et al. v. Lackey Mining Co., 215 Ky. 71, 284 S. W. 415.

In its reply brief recently filed, the mining company calls attention to the right given it by the lease to use this property for removing and transporting of coal or other minerals from other properties. This the plaintiff does not dispute, but the mining company contends that this provision in its lease gives it the right to use the surface of this 48.3 acres for the location of house sites to house miners engaged in mining coal on other properties. Its position is not tenable. That right is not expressly given it by the lease, and cannot be extended to it by implication. It had the right to use this property for the purpose of erecting such houses as it needed for the mining and removal of the coal under this property; but that is all. The proof shows that the mining company now has houses located on this 48.3 acres, which it uses for the housing and accommodation of miners working for other coal and mining companies, which companies are owned and controlled by the same people as the Lackey Mining Company. Thus it follows that, while the mining company had color of right to erect these houses, still, in building them on the plaintiff's property under the circumstances it did, it acted capriciously, and not in good faith, and brought itself within those exceptions which we pointed out in Case v. Elkhorn Coal Corp., *supra*. Therefore, the judgment is reversed, and the cause remanded, with directions to the trial court to allow the mining company to remove these houses, to give them a reasonable time in which to do that, and to then enter

such orders as will put the mining company out of possession of the premises described, and to restore the premises to the possession of the plaintiff. The court will then try out the question of damages.